The Mutual Benefit Life Insurance Company

*v.*

Abraham S. Jackson and others.

A complainant's right to interest as well as principal, under a foreclosure decree,—*Held*, not to be affected by a decree in another suit to establish the title to the premises as between the defendant and third parties, in which the decree declared that complainant's mortgage was a lien on the premises for the amount of the principal only.

---

Bill to foreclose.   On final hearing.

*Mr. F. K. Howell*, for complainants.

*Mr. A. T. McGill*, for Freytag and wife.

The Chancellor.

This is a suit for foreclosure and sale of mortgaged premises.   The mortgage was given by Abraham S. Jackson while he had the legal title to the property, and the amount of the principal which it was given to secure was advanced by the complainants to him to enable him to purchase the property, under a foreclosure sale on a mortgage held by them and given to them by Freytag and wife, and all of it was used for the payment of the amount due the complainants on the execution, which greatly exceeded it.   The answer of the defendants Freytag and wife, admits the making of the mortgage in suit, and states the fact of the existence of an action brought by Freytag, after the

making of the mortgage, to recover the property from Jackson on the ground that the latter held it in trust for him, and that that suit had resulted in a decree in favor of Freytag, in which the complainants' mortgage was declared to be a lien on the mortgaged premises for the principal thereof only, and insists that there should be no decree for interest. No opinion was written or report made by the master to whom the cause was referred for an advisory opinion. The bill did not pray relief against the complainants' mortgage, and, though the decree does indeed declare that that mortgage shall be a lien for the principal thereof, it was as between Jackson and the Freytags, and not as against the complainants. The design was to fix the amount of encumbrance which, as between Jackson and the Freytags, should be left upon the property. The interest was, as between them, to be paid by Jackson, but the complainants have a lawful and equitable lien for both interest and principal not affected by that decree, and there will be a decree in this suit accordingly.